Bennett *v.* Abrams.

MORGAN, J. dissented.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 5, 1864. *Morgan, Bacon* and *Foster*, Justices.]

## BENNETT *vs.* ABRAMS.

Although an oral agreement to exchange one piece of real estate for another is void by the statute of frauds, yet if the parties have executed such an agreement, in part, and the plaintiff has fully performed to the extent of his agreement, and the defendant has accepted and retained all the advantages to be derived from such performance, it will not, after that, lie with him to refuse performance on his part and urge the invalidity of the agreement.

To permit a party to avoid the agreement, under such circumstances, on the ground of its invalidity, would be to make the statute of frauds an instrument of fraud, instead of a shield against it.

Where possession has been taken by both parties under an oral agreement for the exchange of land, and one of them has fully performed on his part, and the fairness of the agreement is not assailed, he may maintain a suit in equity to enforce a specific performance of it by the other party.

An executory contract for the exchange of lands is not merged in the deeds of conveyance. And if one of the parties to such a contract agrees to satisfy and discharge an existing mortgage upon his land, in addition to the execution and delivery of a deed, these are separate and distinct acts, and performance as to one will neither extinguish nor discharge the party's obligation in respect to the other.

A party who is entitled to a specific performance of an agreement to release his land from the lien of a mortgage may maintain a suit in equity for that purpose, notwithstanding he has, before the filing of his bill, conveyed away the land by deed with warranty.

Form of a judgment or decree for the specific performance of an agreement to satisfy and discharge a mortgage which is a lien upon the plaintiff's land, where no damage has yet been sustained by the plaintiff, and the mortgage is held by a third person, not a party to the action, and is not yet due.

If specific performance be impracticable, then the party may have approximate relief in some other form which will secure to him the substantial advantages of his contract.

APPEAL from a judgment rendered at the circuit, on a trial before the court without a jury. The action was brought to reform a receipt on the ground of a misapprehension of its contents, when executed, and also to compel a specific performance of a verbal agreement. The following facts were found by the judge who tried the cause, viz: 1. That on or about the 20th day of December, in the year 1859, the defendant was seised in fee and possessed of three certain pieces or parcels of land lying in the town of Duanesburgh, in the county of Schenectady, which are particularly described in the complaint. 2. That such premises were subject to the lien and incumbrance of a mortgage executed by the defendant and wife to William Ladd, bearing date on the 1st day of April, 1859, to secure the payment of $1300 and interest, and which was duly recorded in the office of the clerk of Schenectady county, on the day of its date, in book No. 27 of mortgages, on page 391, &c. 3. That the plaintiff, on or about the said 21st day of December, 1859, was seised in fee and possessed of two lots of land, situated in the town and county aforesaid, which are particularly described in the complaint. 4. That on or about the said 21st day of December, 1859, the said parties entered into a parol agreement to exchange the said lands of which they were respectively seised, as aforesaid. 5. That by the said agreement the plaintiff promised and agreed to sell and convey to the defendant the said two lots of land of which he was so seised and possessed,

and execute and deliver to the defendant a bond for the sum of $625, and also a mortgage, as collateral security therefor, upon one of the lots so to be conveyed to the plaintiff by the defendant, as hereinafter stated. 6. That by the said agreement the defendant promised and agreed to and with the plaintiff to sell and convey to him the three several lots of land of which he was so seised and possessed, and also that he would procure or cause the mortgage upon said premises so by him executed to William Ladd, to be satisfied and discharged of record. 7. That on the said 21st day of December, 1859, the parties, in part performance of said agreement, duly executed to each other, respectively, deeds of the said lands so owned by them respectively. 8. That at the same time, in further performance of said agreement, and in conformity therewith, the plaintiff duly executed to the defendant the bond and mortgage for $625, above referred to. 9. That upon the execution of said conveyances the parties took possession of the premises so to each other respectively conveyed, as aforesaid. 10. That said agreement was not fully performed on the part of the defendant, in that he did not, and has not yet, although often requested so to do by the plaintiff, procured or caused the said mortgage so by him executed to William Ladd, as aforesaid, to be satisfied or discharged of record, but that the same still remains a lien and incumbrance upon the said premises so conveyed by the defendant to the plaintiff and the amount now due thereon is the sum of $1575. 11. That on the 22d day of February, 1861, the plaintiff signed and gave to the defendant an instrument, of which the following is a copy: "Received, Duanesburgh, February 22d, 1861, of Jay Danforth Abrams, his note for three hundred dollars, payable on the first day of April next, and which note, when paid, will be in full for all bonds, notes, warranties, debts, dues and demands, of whatsoever name or nature the same may be, to the above date. "In presence of John S. Van Aernam. (Signed) JOSEPH BENNETT." 12. That such instrument, and the $300 note

therein referred to, were given upon a settlement by the par-
ties of certain mutual demands between them, other than the
obligation of the defendant to satisfy and discharge of record
the mortgage by him executed to William Ladd. 13. That
the plaintiff did not agree nor intend by said settlement to
release the defendant from such obligation, nor was such
release any part of the consideration of the said note. 14.
That the insertion in such instrument of the words " in full
of all debts, dues and demands," was obtained of the plain-
tiff by the defendant by means of fraudulent pretenses. It
was therefore adjudged and decreed that the said instrument
of release executed by the plaintiff to the defendant, bearing
date the 22d day of February, 1861, in nowise discharged or
affected the liability and obligation of the defendant to pro-
cure or cause the said mortgage so by him executed to Wil-
liam Ladd, upon the premises afterwards conveyed to the
plaintiff, to be discharged and satisfied ; that the plaintiff
was entitled to have a specific performance by the defendant
of his agreement to procure or cause the said mortgage to be
discharged and satisfied. It was further adjudged and decreed
that the defendant should within thirty days procure the said
mortgage so by him executed to William Ladd, to be satisfied
and discharged of record, or pay to the plaintiff, or his attor-
neys, the sum of $1300, being the amount of said mortgage,
together with the interest thereon from the first day of April,
1859, to the time of such payment, and also the further sum
of $5 for the costs and expenses of procuring a discharge of
record of such mortgage. And it was further adjudged and
determined that the plaintiff recover of the defendant his
costs and disbursements of this action to be adjusted, and
also the further sum of seventy-eight dollars and seventy-five
cents, as and for an additional allowance.

*T. B. Mitchell,* for the appellant.

*S. W. Jackson,* for the respondent.

Bennett v. Abrams.

*By the Court,* BOCKES, J.   The facts found and stated by the learned judge before whom the cause was tried are well established by the pleadings and proofs.   Most of the material allegations of the complaint are not denied in the demurrer of the defendant.   Therefore they stand admitted of record.

It is denied that the defendant agreed to procure for the plaintiff a right of way across the land of Mr. McIntosh.   On this point the case is clearly with the plaintiff.   He swears that the defendant was to furnish him a right of way through McIntosh's lot.   In this he is distinctly supported by both William and Angus McIntosh.   Nor does the defendant deny that such was his agreement, except as it stands denied by his answer.   Perhaps this is of no great importance in the case, although it seems of some significance in considering what matters were subjects of release, in consideration of the payment by the defendant of the three hundred dollars.

The defendant also denied that the receipt of February 22d was intended as a release of his obligation to procure the right of way, or as a discharge from his liability under the covenant of warranty, by reason of the Marvin Strong claim; but he insisted that the receipt and payment of the $300 relieved him from his agreement to procure a cancellation of the Ladd mortgage for $1300.   The findings of fact are against the defendant on these issues; and the strength of the evidence is in favor of the conclusions stated in the record.

The testimony of the parties, on this branch of the case, is in direct conflict.   But if we consider the obligations of the defendant, the probability of the plaintiff's statement, and unreasonableness of the defendant's, the case is clearly with the plaintiff.   It is simply absurd to suppose that the plaintiff would understandingly discharge a responsible party from the payment of $1300, and himself assume its payment for the insignificant sum of $300; to say nothing of the further release of other important obligations, for the same and no other consideration.   According to the facts admitted

and proved, there is propriety in the arrangement by which the defendant obtained, in consideration of the payment of $300, a release from his covenant to protect the plaintiff from the Marvin Strong claim, and from his obligation to procure the right of way. But it is against all reason that the plaintiff would in addition, and with no superadded inducement, release the defendant from a debt of $1300, and take upon himself the burden of its payment. A release which operates so unjustly, obtained on such gross inadequacy of consideration, has either the taint of fraud or the more charitable presumption of mistake; and it then lies, with the party who sets it up as a protection to establish its perfect integrity. This is a case where fraud or mistake might well be inferred from the circumstances attending the transaction; and I am entirely satisfied with the conclusions of fact stated by the learned judge who tried the cause. Even if it were otherwise, the court on appeal could not overhaul the findings, inasmuch as there is evidence to sustain them. It has been very often decided that findings of fact will be held conclusive on appeal, when based on a conflict of evidence, as in this case.

The questions of law remain to be considered.

It is urged that an oral agreement to exchange real property is void by the statute of frauds. This is unquestionably true, and had the agreement in this case remained wholly unexecuted, no legal obligation would have resulted from it. But the parties executed the agreement in part. The plaintiff fully performed to the extent of his agreement, and the defendant accepted and retained all the advantages to be derived from such performance. It did not, after that, lie with him to refuse performance on his part, and urge its invalidity. As was said in *Malins* v. *Brown,* (4 *Comst.* 403,) to permit the defendant to avoid the agreement on this ground would be to make the statute an instrument of fraud, instead of a shield against it. *Story's Eq.* § 759. *Thomas* v. *Dickinson,* 12 *N. Y. Rep.* 364.)

Bennett *v.* Abrams. .

It is also urged that the court cannot reform an oral agreement in relation to real property, when possession was not taken, nor any part of the consideration paid. Such is not this case. Here possession was taken by both parties, and the plaintiff fully performed on his part, and the fairness of the agreement is not assailed by either party. But this action is not brought to reform the agreement, but to enforce it. This objection is most clearly untenable.

It is next insisted that the contract was merged in the deeds of conveyance. But the defendant agreed to satisfy and discharge the Ladd mortgage in addition to the execution and delivery of the deed. These were separate and distinct acts. Performance as to one neither extinguished or discharged the defendant's obligation as to the other. (*Witbeck* v. *Waine,* 16 *N. Y. Rep.* 532.) It was held in *Atwood* v. *Norton,* (27 *Barb.* 638,) that when the things stipulated in an agreement to be done, were distinct in their character, and could be done at successive times, performance of one did not operate as a merger, waiver or extinguishment of the other. (2 *Kernan,* 561. 1 *Denio,* 125. 9 *Barb.* 641.) I am unable to understand how the giving of the deed relieved the defendant from the further duty, which he had stipulated to observe, of procuring the Ladd mortgage to be satisfied and discharged of record.

The decision in *Malins* v. *Brown,* (4 *N. Y. Rep.* 403) answers another objection, to wit, that the plaintiff, having sold and conveyed away the premises, has lost his right to demand performance of the agreement as to the discharge of the Ladd mortgage. The defendant conveyed with covenant of warranty. In this case it was expressly decided that a party who is entitled to a specific execution of an agreement to release his land from the lien of a mortgage may maintain a bill for that purpose, notwithstanding before the filing of the bill he has conveyed away the land, such conveyance being with warranty.

Nothing remains of this case then, except to determine

how performance of the agreement is to be enforced against the defendant.

In this case the plaintiff has not, as yet, suffered; still he is entitled to protection from apprehended or possible damage. It was this for which he contracted, and he is entitled to the benefit of the agreement according to its terms. It is a well settled rule of equity jurisprudence that a suit for specific performance may be maintained, before any actual molestation, distress or impleading of the party. So equity will decree the performance of a covenant or agreement to indemnify. The only difficulty is as to the form of the judgment or decree. In what manner is the court to enforce the duty or obligation? The flexibility of the practice in a court of equity, and in the application of equitable principles, generally obviates all difficulty in the administration of justice in that court. Sometimes the party will be directed to execute the decree, and punishment as for contempt will follow disobedience. Sometimes compensation in damages will be decreed, in case of contumacy. This course is generally adopted when the damages can be estimated with certainty; in which case the amount may be collected on execution. And again money when collected may be paid into court, to be applied as the ends of justice require, through the aid of a receiver or other of its officers. This latter course is often adopted, when it would, for any reason, be improper to pay the money over into the hands of the party who has invoked the aid of the court for his protection. This seems to be the situation of the case under consideration. The defendant agreed to procure the mortgage to be satisfied and discharged of record. But it is held by a third person, not a party to the action, and is not yet due. Perhaps the holder is unwilling to receive payment; hence it may not be a proper case to punish for disobedience.

The plaintiff here is entitled to a specific performance of the agreement. That, however, may be impracticable. If so, then he may have approximate relief in some other form,

Bennett *v.* Abrams.

which will secure to him the substantial advantages of his contract. This end may be attained by means of a fund to be raised by a sale of the defendant's property on execution, and to be invested or applied under the direction of the court, in such manner as to meet the conditions of the agreement between the parties. But it is not right that the money, should be collected from the defendant and paid over to the plaintiff, who may or may not apply it in satisfaction or discharge of the mortgage. The decree should be in such form as to protect all parties. As it stands, there is a chance of injury to the defendant, against which provision should be made. It should therefore be so modified as to require the money when collected, to be paid into court, or held by the sheriff subject to the further order of the court, in the alternative that the defendant shall neglect or be unable to obtain a satisfaction and discharge of the mortgage. When the money shall have been collected, in case of collection under execution by the sheriff, the plaintiff will be at liberty to move the court in the premises, and it will then be invested to meet the payments on the mortgage as they shall fall due, or he will be allowed to take the money himself on giving adequate security that it shall be paid off according to its conditions. This, however, can be settled and arranged after the money shall be made on execution, and need not be provided for in the decree, further than to permit ulterior proceedings as the exigency of the case may require. This modification of the decree is but formal, and doubtless would have been adopted had suggestion been made to the court below, in proper time. The facts and law of the case are with the plaintiff, and the judgment should be, with the modification intimated, affirmed with costs of the appeal. It is usual when a judgment is reversed in part, or modified, on appeal, to deny costs of the appeal to both parties. But here the defendant has failed in all the substantial points of the litigation both on the facts and on the law. The ground of defense has been, from first to last, that the defendant was not bound to satisfy the mort-

---

Bennett *v.* Abrams.

---

gage, by·reason of a pretended discharge from that duty or obligation. He has failed in his defense, and must as is usual in such cases, meet the expenses of the litigation. The modification of the judgment does not reach the merits of the controversy between the parties, but is the suggestion of the court to prevent the possibility of injustice in carrying out the details of the decree.

The decree should require 1st. That the defendant specifically perform his agreement with the plaintiff by procuring a satisfaction and discharge of the mortgage.

2d. That the plaintiff recover against the defendant the costs of the action as adjusted and allowed, together with the costs and disbursements of the appeal, and that he have execution therefor.

3d. In case of the defendant's inability or neglect to obtain a discharge of the mortgage, that judgment be entered herein against him for the amount unpaid thereon, with interest, and the further sum of five dollars for the costs and expenses of procuring the discharge, and that execution issue against his property therefor.

4th. That the sheriff retain in his hands the moneys which he shall collect under this decree, except the costs and disbursements aforesaid, and immediately report to this court in regard thereto, to the end that such further action may be had as the exigency of the case may require.

[CLINTON GENERAL TERM, May 5, 1863. *Potter*, *Bockes* and *James*, Justices.]