### BRENNAN v. SCHELLHAMER.

(*Common Pleas of New York City and County, General Term.*   March 2, 1891.)

BREACH OF COVENANT—MERGER.

Defendant sold certain premises to plaintiff under a contract containing a covenant that the building was completed in compliance with the municipal laws. Before performance plaintiff ascertained that the drainage was defective and in violation of law, but accepted a conveyance without expressly reserving her right to proceed against defendant upon his covenant.   *Held* that, the agreement not being necessarily merged in the conveyance, the acceptance thereof by plaintiff raised no presumption that the covenant had been waived, and that, in the absence of proof showing an intention to make such waiver, plaintiff was entitled to recover the expense incurred by her in putting the drainage in proper condition.

Appeal from ninth district court; FALLON, Judge.

Action by Emma E. Brennan against Frederick Schellhamer.   There was judgment for plaintiff, and defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Henry F. Lippold,* for appellant.   *Joseph Fettretch,* for respondent.

BISCHOFF, J.   On September 28, 1889, by an agreement under their hands and seals, the plaintiff agreed to purchase and the defendant agreed to sell and convey the premises known as 117 East Ninety-First street in the city of New York.   As part of his agreement the defendant covenanted that the building was completed in compliance with the laws of this city and state and the rules and regulations of the board of health and fire department of the city of New York.   Some time before the final performance of the agreement the plaintiff ascertained that the drainage and plumbing work in the premises were defective, and in violation of the laws, rules, and regulations referred to; but, notwithstanding, she accepted a conveyance of the premises, without expressly reserving her right to proceed against defendant upon his covenant.   Thereafter plaintiff caused the cess-pool and plumbing work to be put in proper condition, and for the recovery of the expense incurred brought this action, in which judgment was rendered in her favor.   Assuming that, notwithstanding her acceptance of the deed, the plaintiff could recover upon the covenant in the preliminary agreement, we do not feel authorized to direct a reversal, inasmuch as the return of the court below discloses no error, and the evidence introduced for plaintiff is sufficient to sustain the trial justice's disposition of the matter.   On the trial, however, as well as upon the hearing of this appeal, the learned counsel for defendant contended that the action was not maintainable, and should have been dismissed, the ground for

his contention being that the preliminary agreement of sale became merged or extinguished upon the acceptance of the deed. As a proposition of law this is not entirely correct, the question of merger or extinguishment of the preliminary and executory agreement by acceptance of the deed being purely one of intention; and, if it be apparent that the parties did not so intend, the agreement will not be deemed merged or satisfied by the subsequently delivered and accepted deed. If there be no evidence whatever of an express reservation or waiver of the provisions of the agreement the intention to accept the deed in satisfaction and extinguishment thereof becomes a matter of interpretation of the acts of the parties, and all former provisions of which the conveyance is the performance must be considered at an end; for as to such provisions the parties must be deemed to have so intended. But not so concerning provisions of which a conveyance is not necessarily performance. These will be regarded as still subsisting. The rule is stated as follows: "In all cases, then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence; and I think, in absence of all proof, there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction." *Morris* v. *Whicher*, 20 N. Y. 41. See, also, Will. Real Est. (2d Ed.) pp. 305, 306, and cases cited; *Atwood* v. *Norton*, 27 Barb. 638. This rule has been approved of by the court of appeals in the very recent case of *Disbrow* v. *Harris*, 122 N. Y. 362, 25 N. E. Rep. 356, which in its essential particulars closely resembles the case at bar. In the case cited it appeared that the plaintiff had covenanted that the buildings to be conveyed were in good condition. At the time of the delivery and acceptance of the deed the defendant complained that the contrary was the fact, and a part of the purchase money was permitted to remain in his hands as security for plaintiff's promise to make certain improvements. When these improvements were completed the defendant sought to retain the sum remaining in his hands because of other alleged defects in the building. It was held that the fact that the defendant had secured himself for the defects specified at the time of accepting the deed would sustain an inference that he intended to waive objection to others, but the court say that, in the absence of anything indicating a contrary intention, the right to seek redress for plaintiff's breach of covenant respecting the condition of the building would have survived the conveyance. See, also, *Bennett* v. *Abrams*, 41 Barb. 619. We have examined *Wittemore* v. *Farrington*, 76 N. Y. 452; *Harsha* v. *Reid*, 45 N. Y. 415; and *Canaday* v. *Stiger*, 55 N. Y. 454,—cited by counsel for appellant, but these cases could not be urged as sustaining his position. In neither of those cases was it attempted to recover upon a covenant in a preliminary and executory contract of sale, and the question now presented to us for consideration did not there appear, and was not attempted to be discussed, and the same may be said of most of the numerous cases upon the appellant's brief. The judgment appealed from should be affirmed, but without costs, as per stipulation annexed to the return. All concur.