ALBERT BOLT, Plaintiff, *v.* GEORGE H. DUELL, Defendant.

Supreme Court, Broome County, January 12, 1933.

*John Marcy, Jr.* [*Rollin W. Meeker* of counsel], for the plaintiff.

*Arthur J. Ruland* [*Herman Nehlsen* of counsel], for the defendant.

KELLOGG, ABRAHAM L., Official Referee. This is an action for specific performance of a contract predicated on oral agreement for the exchange of real properties owned by the respective parties, which oral agreement was followed, as plaintiff contends, by part performance and ratification by the acts of the parties.

It appears that on and prior to October 10, 1929, the plaintiff herein was the owner of certain real estate situate in the city of Binghamton, consisting of a lot and a four-family house which was

known as the Evans street property. On that date the defendant was the owner of a lot situate in the same city upon which there was a two-family duplex house, which was referred to on the trial as the " Pleasant avenue property."

The question to be determined in the action is as to whether or not there was ratification of the contract by the acts of the parties. It seems that on the 10th day of October, 1929, the plaintiff and defendant met at the office of Clayton Winegar, a licensed real estate broker. After both parties had visited the respective properties, and, after discussing the matter for some length of time, they came to an agreement and meeting of minds upon an exchange of their respective properties. There was to be a conveyance from one to the other of the properties above referred to, and the plaintiff was to pay the defendant in money a difference of $500.

The minds of the parties having met, they, thereupon, proceeded, with the broker, to the law office of John Marcy, Jr., where the agreement for the exchange was repeated, and Mr. Marcy was employed by both parties to prepare the necessary abstracts of title and conveyances, it being then and there agreed that the deal was to be consummated on October 19, 1929, at which time the papers had been completed for execution and delivery. Pursuant to this arrangement, Mr. Marcy prepared an abstract of title of the plaintiff's property, Exhibit " B " in evidence, and also a deed from the plaintiff and his wife to the defendant, George H. Duell, Exhibit " A " in evidence. He also prepared a continuation of an abstract on the defendant's property and a deed from the defendant and his wife to Mr. Bolt, the plaintiff; Mr. Marcy then notified the defendant that the papers were ready and Mr. Duell went to his office where Mr. Marcy tendered the Bolt deed to him, the abstract and the difference in money, to wit, $500.

The defendant then stated that he was willing to complete the contract but that his wife would not sign the deed.

On the question of performance there is evidence in the case to warrant the finding that at the instance of the defendant and before the deeds and abstracts had been prepared, and, in fact, at the time the parties first consulted Mr. Marcy, the latter was requested, after a conversation between both plaintiff and defendant, to prepare papers to oust certain tenants who were occupying the Bolt property, so that the defendant could have possession of the Bolt property, the defendant, in effect, saying he wanted possession right away so he could paper and paint and get it in shape to rent. In order to do that it was necessary for the plaintiff to sign the notices, which he consented to do and did. The notices were given Mr. Winegar, the broker, to serve, which he did serve and the tenants

vacated. Thereafter the defendant entered into possession of the Bolt property, had locks on some of the doors fixed and repaired, papered and repainted some sixteen rooms, covering a period of eleven or twelve days.

The defendant then took his wife to look at the property, and on or about the eighteenth or twentieth of October, following the contract of exchange, the defendant's wife declined to sign the deed, which was the only reason assigned by the defendant for not carrying out the agreement. The tenants had all been evicted before the alterations and repairs had been completed by the defendant. The plaintiff having, at the instance and request of the defendant, put the latter in possession of his property and signed notices to evict all of the tenants in occupancy of the same, and the defendant having exercised acts of ownership by entering the premises and fixing the locks, repairing, painting and papering sixteen rooms therein, is such part performance on the part of both parties to the oral agreement as to take the case out of the Statute of Frauds, in my opinion, and require a court of equity to compel the oral agreement to be completed in its entirety.

The defense set up in the answer in this action is the Statute of Frauds predicated upon section 259 of the Real Property Law of the State of New York, which reads as follows:

" § 259. When contract to lease or sell void. A contract for the leasing for a longer period than one year, or for the sale, of any real property, or any interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawfully authorized agent."

However, the Legislature very wisely provided that, in order that no fraud or injustice may be perpetrated by a party, courts of equity have the power and discretion to grant relief where there has been part performance. This is provided for by section 270 of the Real Property Law, which reads as follows:

" § 270. Powers of courts of equity not abridged. Nothing contained in this article abridges the powers of courts of equity to compel specific performance of agreements in cases of part performance."

" Equity looks through the form to the substance and purpose of the agreement, and molds its decree in accordance with what the parties may fairly be presumed to have intended. Every contract implies good faith and fair dealing between the parties to it. * * * The courts always avoid, if possible, any construction of a contract that is unreasonable and inequitable, and especially one that will place one of the parties at the mercy of the other." (*Simon* v. *Etgen*, 213 N. Y. 589, 595.)

As long ago as 1864, Judge BOCKES in the case of *Bennett* v. *Abrams* (41 Barb. 619) laid down the principles governing a case similar to the one at bar as follows: "Although an oral agreement to exchange one piece of real estate for another is void by the Statute of Frauds, yet if the parties have executed such an agreement, in part, and the plaintiff has fully performed to the extent of his agreement, and the defendant has used and retained all the advantages to be derived from such performance, it will not, after that, lie with him to refuse performance on his part and urge the invalidity of the agreement."

There is ample authority for decreeing specific performance so far as the defendant is concerned, although his wife refused to join in the deed. In the instant case the plaintiff is content to accept title, subject to the inchoate right of dower of the wife, for the reason that the court has no jurisdiction over her refusal to join in the deed. The plaintiff has elected to rely on specific performance and offered no proof of damage because, primarily, he is entitled to specific performance, and where specific performance is impracticable then the plaintiff may have appropriate relief in some other form, which will secure to him the substantial benefits of his contract. In this case it is entirely practicable to decree specific performance so far as the defendant is concerned. (*Timby* v. *Kinsey*, 18 Hun, 255.)

The defendant is still constructively in possession of the plaintiff's property and is managing the property which he agreed to convey to the plaintiff pursuant to the contract and agreement entered into at the time. It will be recalled that the defendant agreed with Mr. Marcy, representing the plaintiff, that the broker, Winegar, was to take charge of the property agreed to be conveyed to him pending the outcome of the litigation. The fact that considerable time has elapsed since the agreement was entered into does not have any legal effect upon the situation.

It all relates back to the 19th day of October, 1929, and each party to this action will be entitled to an accounting of the rents and profits of the properties to be conveyed.

After a most careful consideration of all the facts in the case, I have reached the conclusion that the defendant must convey his property to the plaintiff as specified in the agreement set forth in the complaint, upon receiving a conveyance of the plaintiff's property, and upon the payment of the $500 which has been held after a tender, in escrow. The plaintiff may recover the costs and disbursements of this action.

Findings and judgment in accordance with the foregoing.