Haight *v.* Child.

———————— • ○ • ————————

HAIGHT *vs.* CHILD and RILEY.

Where, in an action for the specific performance of a contract for the sale of lands, the answer of the defendant sets up a contract essentially different from that stated in the complaint, the latter, if by parol, cannot be specifically enforced.

The code has altered the rule of pleading in such cases. Now, if the defendant admits the making of a contract, and sets out its terms, his answer will be sufficient, although it omits to set up the statute of frauds as a bar.

A party, in pleading, now, need only state the facts he is required to prove, and need not insist on his legal rights under any statute, or draw legal conclusions.

Part payment is not such a part performance as will entitle a vendee of lands to a specific performance.

Taking possession, by the vendee, is not a basis for a specific performance, if the possession has been surrendered by him, and received by the vendor, before the commencement of the action.

A vendor cannot have a decree for a specific performance, where he does not aver and show a readiness and willingness to perform the agreement on his part, but the vendee alleges and proves that he was ready and willing, and offered, to perform the same, and that he demanded a deed, before the commencement of the suit, which was refused.

THIS was an appeal by the defendant Riley from a judgment entered upon the report of a referee. The action was brought to compel the specific performance of a parol contract for the sale to the defendants of a flouring mill, situate in the city of Rochester. The complaint states that shortly prior to the first day of September, 1858, the plaintiff, by her agent, Eben N. Buell, entered into an agreement with the defendant Jonathan H. Child, to sell and convey by a good and sufficient deed, to him, the real estate described in the complaint, " and that the said Jonathan H. Child, by said agreement, agreed that in consideration of receiving from the said plaintiff such good and sufficient deed, conveying to him such real estate, he would pay therefor the sum of $10,000, in manner following; assuming and undertaking to pay the following liens and incumbrances upon said property, viz: all taxes which had been or should be assessed on the said real estate, during the years 1857 and 1858; an assessment then due for repairs on the mill-race on which such mill was situated, amounting to about $185, and which was a charge upon the said real estate; a mortgage on said real estate given by James Chappell to the Rochester Savings Bank, then past due, the amount whereof was $3000, with interest thereon from July 1st, 1858; a mortgage of said premises, given by Eben N. Buell to James Chappell, and then held by David Dows, on which there remained unpaid on the 1st of September, 1858, the sum of $1750; a mortgage on said real estate, executed by Jonathan Child to Henry Haight, and by him assigned to Eben N. Buell, for the

benefit of said plaintiff, and which would become due March 15th, 1859, and on which there would then be due the sum of $2500, and interest thereon from September 1st, 1858; $250, with interest, six months after the 1st day of September, 1858; $250, with interest, twelve months after the 1st day of September, 1858; and the remainder of the said $10,000 in cash." The complaint further states " that shortly thereafter, but at precisely what time is to the plaintiff unknown, the defendant George S. Riley became in some manner interested with the defendant Child in the purchase of the aforesaid real estate, and entitled to the benefit of said agreement; that on or about the 1st day of September, 1858, the defendant Child paid the sum of $1882.25, that being the balance of the aforesaid consideration of $10,000, which was to be paid in cash, as hereinbefore mentioned."

The contract, as proved on the trial, was a contract made between the plaintiff, through her agent, with the defendants, jointly, and not with Child alone, and was as follows: That the plaintiff was to convey to the defendants the real estate described in the complaint, subject to the payment of the incumbrances stated in the complaint, and upon the payment of the $1882.25 in cash, except that instead of assuming the mortgage for $2500 from Jonathan Child to Henry Haight, that mortgage was to be canceled, and a new mortgage taken from the defendants directly to the plaintiff, for $2500, payable one-half on the 1st day of September, 1860, and the other half on the 1st day of September, 1861, with semi-annual interest. It was further proved that by a separate agreement between Child and Buell, and of which Riley had no knowledge—and with which, it was agreed between Buell and Child, Riley should not be made acquainted—Child was to give Buell his two notes of $250 each, payable one in six months, and the other in twelve months, from the 1st September, 1858, with interest. But it was expressly understood that these notes should not form any part of the

consideration of the sale to Riley and Child jointly. The notes were to be given to Buell for a claim of $500, which he claimed to have in his own right, and in some way connected with the property, but which constituted no incumbrance upon it. Immediately after the agreement was completed, a deed was prepared by Buell, and signed by him, as trustee for the plaintiff, to both defendants, in which the consideration expressed was $9000, and containing covenants for the payment of the incumbrances, except the mortgage of $2500 to Henry Haight, assigned to Buell, and a mortgage was also prepared for Riley and Child, for this $2500, payable as before stated. The deed was objected to, on the ground that Buell could not convey, as trustee of Mrs. Haight, the title being in her, and not in Buell as trustee. This was assented to by Buell, and he prepared and sent to Mrs. Haight, in California, a deed to be signed by her and by Buell, as trustee, which was a copy of the first deed, with the addition of Mrs. Haight, as grantor. This deed was returned to Buell in January or February, 1859, but was never tendered to the defendants, or either of them. But in March, 1859, Riley applied to Buell for the deed, and offered to pay what was then due for the purchase money, and complete the purchase. Buell refused to deliver the deed, unless Riley would indorse or secure the payment of the two notes, given by Child to him. The testimony fully established the readiness of Riley to perform, and the refusal of Buell to convey, unless the $500 were paid, or secured.

The referee found that the contract was substantially as above stated, and not as stated in the complaint, and that Riley offered to perform the contract as here stated, and that the plaintiff's agent refused, as is also stated. The defendant Riley insisted that the plaintiff was not entitled to any decree against him, but that on the contrary he, Riley, was entitled to a judgment against the plaintiff for the money paid by him on account of the contract, on the ground that the plaintiff had refused to perform the contract on her part.

The referee directed a judgment for the plaintiff, with special provisions.

*S. Mathews,* for the appellant.

*Wm. F. Cogswell,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.   The plaintiff seeks in this action a specific performance of a contract for the sale of lands.   The contract set out in the complaint is an agreement for the sale of the real estate in question for the price of $10,000, payable by the assumption on the part of the defendants of certain incumbrances thereon to the amount of $9500, and of $500 in two notes of the defendant Childs, at six and twelve months.   The defendant Riley, in his answer, admits the contract as stated in the complaint, except that the contract price was to be $9500, and denies all knowledge of, or assent to, any agreement to pay the $500 for which the notes of Child were so given, and states that the contract was by *parol.*   The defendant Riley has paid $1882.25 towards the purchase money, and the defendants went into possession, which however had been restored to the plaintiff before the commencement of this suit.   As the contract stated in the answer is essentially different from that set up in the complaint, the contract set up in the complaint being by parol, clearly cannot be specifically enforced.   (*Fonblanque's Eq. book* 1, *chap.* 3, *sec.* 8, *note d.   Harris* v. *Knickerbacker,* 5 *Wend.* 638.   *Willard's Eq.* 282.)   In such a case it was not admissible, under the former system of pleading, where there was dispute about the terms of the contract, to establish the same by parol, for that is the very mischief the statute was designed to prevent; and a contract by parol was only enforced when not denied in the answer, upon the principle that, being admitted, no proof of it was requisite, and the statute was thereby waived.   (*Story,* § 755.)   If the de-

fendant Riley had simply denied the contract set up in the complaint, the plaintiff would have been obliged to prove a written contract valid in law; or, if admitting the contract he had alleged that it was by parol and insisted on the statute, then there could have been no specific performance, and the complaint in such case must have been dismissed. (2 *Paige* 177. 5 *Wend.* 638.) But as the defendant admits the making of a contract and sets out its terms, and does not insist on the statute in his answer, the contract thus set out in the defendant's answer might perhaps be specifically enforced, (if the code has not altered the rule of pleading in such cases;) and if need be, the complaint might be amended to conform to the contract thus admitted. The defendant's contract is thus reduced to writing in his sworn answer. (*Story's Eq.* §§ 754, 755.) But I think the code does alter the rule of pleading, in such cases, and that the answer is sufficient in this case without setting up the statute. A party in pleading now need only state the facts he is required to prove, and need not insist on his legal rights under any statute, or draw legal conclusions. But the defendant Riley has made, for the purpose of this suit, no contract for the purchase of the land in question, binding upon him in any event, except the one thus stated in his answer, as there is no basis for the enforcement of the contract on the ground of a *part* performance. Part payment is not such part performance as will entitle a vendee of lands to a specific performance. (*Story's Eq.* §§ 760, 761. *Sug. on Vend.* § 3, *ch.* 3, *p.* 112, 7*th ed.*) And such part performance would not be available in favor of the vendor, for much stronger reasons. The possession taken by the defendant in this case is not a basis for a specific performance, because it had been surrendered by the defendant and received by the plaintiff before the commencement of this action. But assuming that the defendant, by not pleading it, has waived the statute, and that the contract set out in the answer of the defendant Riley is the true contract between the parties, can

the plaintiff have a decree requiring the defendant to perform such contract specifically ? Very clearly I think she cannot, upon the allegations and proofs in this action. The plaintiff does not aver and show that she is ready and willing to perform this agreement, and on the contrary the defendant Riley alleges and proved that he was ready and willing and offered to perform the same, and that he demanded the deed before the commencement of this suit, and the plaintiff by her agent refused to perform. Upon this issue, therefore, there is no ground for a recovery in this action, and the referee should have dismissed the complaint so far as relates to the case upon the main issue on the part of the plaintiff. Whether the defendant was entitled to recover the $1882.25 is another question arising upon the defendant's counter-claim, which will remain for consideration on a retrial of the cause ; and as there must be a new trial, I think it had better be left unconsidered by the court and undecided. The judgment should be reversed, and a new trial granted, with costs to abide the event.

[Monroe General Term, March 4, 1861. *Smith, Johnson* and *Knox,* Justices.]