## JANE MORRILL *vs.* WILLIAM COOPER and wife.

Where, in an action for the specific performance of a parol contract to reconvey to the mortgagor premises sold under a decree of foreclosure, the defendants deny the agreement set out in the complaint, and set up an agreement to reconvey upon different terms and conditions, the contract so set up in the answer cannot be held sufficient to take the case out of the. statute of frauds, because it does not correspond with that alleged in the complaint.

The defendant, in such an action, is not obliged to set up the statute of frauds in his answer; as, under the modern rule, a party is only called upon to allege the facts he intends to prove, and need not set out, or refer to, the statute he intends to rely upon.

Although a *part* payment of the purchase money is not sufficient to take an agreement for the sale of land out of the statute of frauds, yet payment of the *whole* purchase money will be sufficient for that purpose, in equity. The contract being fully executed by one party, equity demands that the other shall be compelled to perform his part of it.

In all the cases upon the subject of part performance, whether by payment or entry upon the possession, it is held that specific performance will be decreed

Morrill *v.* Cooper.

when it appears that the party seeking it cannot be restored to all his rights, by an action at law.

The defendant, a mortgagee, having bid off the mortgaged premises, at a sale under a decree of foreclosure, at a price far below their value, made a parol agreement with the mortgagor, to waive the sale and reconvey the premises to the latter, upon being paid the mortgage debt, interest, and costs of the foreclosure. This sum was subsequently paid to his agent and attorney, who tendered the same to the mortgagee. The latter refused to receive the same, or to reconvey, and demanded possession of the premises. The mortgagor, relying upon the promise and agreement of the defendant, acquiesced in the sale, and omitted to apply by motion to set it aside. *Held* that to permit a party to avoid his agreement, under such circumstances, and obtain a property worth $10,000, and hold a judgment for $2,200 deficiency, in liquidation of a mortgage debt of some $4,000, would be allowing the statute of frauds to be used as an instrument of fraud, instead of a shield against it. Specific performance of the agreement to reconvey decreed.

*Held, also,* that the defendant could not resist a claim for specific performance by insisting that the plaintiff had lost her right to move for a resale by laches; the evidence showing that she had relied upon the defendant's agreement to waive the sale, and reconvey. And that this was a sufficient excuse for her not having asked, at an earlier day, the interference of a court of equity.

The possession, which will take a case out of the statute of frauds, must be referable to the agreement of which performance is sought. But when the acquiescence in the possession of the premises has been for a considerable time, that circumstance must be taken into consideration, upon the question as to the right of the vendor to set up the statute.

Where the possession of a mortgagor was allowed to continue for a period of about eleven months, after a sale of the mortgaged premises under a decree of foreclosure, and during a whole season for the beneficial enjoyment of a farm; the mortgagor having no other title than such as she must be deemed, in equity, to have acquired in virtue of the purchaser's agreement to waive the sale and reconvey the premises; *Held* that under such circumstances, the acquiescence of the purchaser, in such possession—especially as the use of the premises was valuable—was significantly against his right to avail himself of the statute of frauds

IN January, 1872, the plaintiff was seised in fee simple of the lands described in the complaint, upon which the defendant William Cooper held two mortgages over due, and upon which he commenced an action of foreclosure. Such proceedings were had, in that suit, that a decree of foreclosure was entered. A referee in said decree named, on the 20th of May, 1872, offered,

pursuant to notice, the premises for sale, and sold them to the highest bidder, who was the mortgagee, upon a bid of $2,000, and a judgment was entered up for the deficiency, amounting to about $2,200. At the time of sale, the plaintiff did not, nor did any one in her behalf, attend. But shortly after the sale, her husband, acting in her behalf, at Herkimer, at the office of the attorney in the foreclosure suit, had an interview with Cooper, in respect to the sale and premises; and the defendant Cooper offered to waive the sale and reconvey the premises, upon being paid the amount of his claims. The said husband, in behalf of this plaintiff, undertook to comply with the offer. Subsequently the husband and Cooper, pursuant to an arrangement, met at the office of Addison C. Miller, Esq., a lawyer, and the attorney of the Utica Savings Bank, for the purpose of consummating such understanding. The defendant Cooper produced a statement, prepared by his attorneys in the foreclosure suit, showing the amount due upon the mortgages and for expenses of the sale; and at the request of Cooper, Miller, as the agent and attorney of Cooper, prepared a computation showing the amount due to Cooper, and the said Cooper had a deed ready for execution, of the premises, and there and then agreed to reconvey said premises and waive the sale, in behalf of this plaintiff, upon receiving the sum thus found due him. Thereupon it was agreed that the said Miller should, in behalf of the savings bank, loan to Mrs. Morrill $3,800, as soon as she received such deed of reconveyance so to be executed by Cooper and wife, upon a mortgage to be executed by Mrs. Morrill; and to that end Miller, in behalf of Mrs. Morrill, caused an appraisal of the premises to be made, and was ready, in behalf of said bank, to make such loan.

Thereupon, the said husband of the plaintiff, prepared his check for a sum sufficient with the $3,800, to pay off the claims for debt and interest, and costs of such

Morrill *v.* Cooper.

foreclosure, payable to the order of Cooper, and then and there delivered it to said Cooper, amounting to some $431. Cooper received it, and wrote his name by way of endorsement thereof, and handed it to Miller to receive as his agent and attorney, and to hold and keep the avails thereof until the balance should be paid in behalf of the plaintiff.

The said Cooper took the deed so to be executed by himself and wife, promising to return it to Miller duly executed, so as to reinvest the plaintiff with the title to said premises, but never actually executed and delivered the same to Miller, nor to the plaintiff.

The husband and Cooper had several interviews, thereafter, in respect to the consummation of the agreement and understanding aforesaid. On the 28th of March, 1873, the defendant Cooper caused a demand to be made upon the plaintiff. for possession of said premises under the sale, which she refused; and thereupon the plaintiff, on or about the 4th of April, 1873, raised the balance of the money so agreed to be paid to Cooper, and placed the same in the hands of Miller, as the agent and attorney of Cooper; who, immediately thereafter, in legal tender currency, tendered the same to Cooper, and asked for a compliance with the understanding theretofore had by and between the plaintiff and the said Cooper. Cooper refused to comply and to take personal possession of the money so tendered to him.

The plaintiff continued in possession of the premises from the day of sale, and still continues in possession thereof. The value of said premises was and is $10,000, and the rental thereof some $700 annually.

The plaintiff asks a specific performance by the defendants of the agreement made as aforesaid.

*William Kernan,* for the plaintiffs.

*Earl, Smith & Brown,* for the defendants.

HARDIN, J. Confessedly, the equities of this case are very strongly with the plaintiff. It remains to be considered, upon the facts shown upon the trial, whether the plaintiff can, consistently with the rules of equity, have a decree for the specific performance of the alleged agreement made by Cooper in respect to the sale, and to reconvey the premises upon receiving his mortgage debt, interest and costs of the foreclosure.

The defendants deny the agreement set out in the complaint, and set up an agreement to recovery to the plaintiff upon different terms and conditions; and do not, in terms, set up the statute of frauds.

The contract set up in the answer cannot be held sufficient to take the case out of the statute, as it does not correspond with that alleged in the complaint. (*Harris* v. *Knickerbacker,* 5 *Wend.* 638. *Jervis* v. *Smith, Hoff. Ch.* 470. *Haight* v. *Child,* 34 *Barb.* 186.) The latter case very clearly holds, for the reasons given by Justice E. D. SMITH, that the defendant need not set up the statute of frauds, in his answer; as, under the modern rule, the party is only called upon to allege the facts he intends to prove, and need not set out or refer to the statute he intends to rely upon. The question raised by the learned counsel for the defendants must therefore be met, and determined, upon the allegations of the complaint and the proofs taken upon the trial, to wit, has there been such a part performance as to take the case out of the statute; or, in other words, such a part performance as to estop the defendants, in a court of equity, from setting up and relying upon the statute.

The early English cases held that part payment of the purchase price was sufficient to take the case out of the statute; but they were soon overruled, and the law settled, in England, that part payment did not relieve from the statute. (*Fry on Specific Perf.* § 390, *p.* 256, 3*d ed.* 3 *Washb. on Real Prop.* 215. *Sug. on Vend.,* ch. 3, § 7, *p.* 107 &c. 9 *Ves.* 234. *Willard's Eq. Jur.* 284.)

And it was afterward held, in England, that payment of the whole purchase price took the case out of the statute. But that decision was overruled, and the English rules, as stated above, have been followed in most of the States in this country.

In this State, the rule that part payment of the purchase money is not sufficient to take a case out of the statute has been adopted, and seems now to be so fully adjudged as to admit of no question or doubt. (*Rhodes* v. *Rhodes,* 3 *Sandf. Ch.* 279. *Malins* v. *Brown,* 4 *N. Y.* 403. *Baldwin* v. *Palmer,* 10 *id.* 232. *Cagger* v. *Lansing,* 43 *id.* 550.)

But it has been said, in several cases, in this State, that a payment of the whole purchase money is sufficient to take the agreement out of the statute, and that non-performance would be a fraud. (*Willard's Eq. Jur.* 284, 285.)

An early line of cases is to be found where a distinction was taken in favor of payment made in full, by *labor* and *services;* but in commenting upon that distinction, Willard, at page 285, says it is not founded in principle; and that "the contract is in both cases fulfilled by the purchaser." (*Willard's Eq. Jur.* 285.) In *Fannin* v. *McMullen,* (2 *Abb. N. S.* 224,) it was held that full payment, when it may be inferred that a fraud would result from a refusal, would, in equity, take the case out of the statute. The same case also declares that full payment *is sufficient.* Daly, J., says, in that case: "The contract is then fully executed by one, and equity demands that the other should be compelled to perform his part of it."

In *Cagger* v. *Lansing,* (*supra,*) Grover, J., says that "payment by the defendant, to the intestate, of *a part* of the purchase money did not take the contract out of the statute, so as to enable the intestate or her representatives to maintain an action thereon for the recovery

of the balance of the purchase money agreed to be paid for the land."

The case is therefore an authority only upon the effect of part payment of the purchase money, in an action at law. (*See pp.* 251, 254.)

It is now settled that a sale made to a mortgagee, for an inadequate price, will be opened more readily than when a stranger is the purchaser in the usual and ordinary way, in good faith. (*Kellogg* v. *Howell,* 62 *Barb.* 280, *and cases there cited.*) And the same case holds that the remedy of a party for an inequitable sale is by motion, which is addressed to the discretion of the court.

In this case, it must be obvious upon the proofs, to any one who carefully considers them, that the agreement of the defendant Cooper lulled the plaintiff so that she made no attempt to open the sale, by motion, and that some ten months elapsed after the sale before the defendant signified his intention to insist upon it. Although it is not clear that a resale would have been ordered, yet an important right which the plaintiff had, to make, promptly, a motion for a resale, by relying upon the agreement of the defendant, has been waived or lost.

In all the cases upon the subject of part performance, whether by payment or entry upon possession, it is held that specific performance will be decreed when the court can see that the party seeking it cannot be restored to all his rights, by an action at law. (*Lowry* v. *Tew,* 3 *Barb. Ch.* 407.) That principle is applicable to this case. *Connor* v. *Brush,* (2 *N. Y. Leg. Obs.* 289,) cited 2 *Abb. Dig.* 81, holds that "an agreement between a judgment creditor who has purchased *real property* on his own excution, that if the debtor would not redeem he should have the surplus upon the sale of the property, beyond the amount bid and the interest and charges, creates no trust in the property, and is a valid agreement, although by parol, and not within the statute of frauds."

It was said by Johnson, J., in *Carpenter* v. *Oakley*, (2 *Lans.* 458,) that to allow a party "thus to take advantage of the statute of frauds would be using it to promote fraud, instead of preventing frauds and perjuries." In *Ryan* v. *Dox*, (34 *N. Y.* 307,) it was held that a fraudulent use of the statute will not be permitted.

Although there was no agreement, here, before the sale, to bid in for the mortgagor and for her use, as in *Ryan* v. *Dox*, the court is able to see, upon the proofs, an acquiescence in the sale, with a reliance upon the agreement of the defendant, and that the same, to some extent, ripened so as not to be as liable to be set aside upon motion. And this occurred because the plaintiff relied upon the agreement to give up the land, and to make a reconveyance upon repayment of the mortgage debt, interest and costs.

The plaintiff cannot be completely restored to the position which she had before she relied upon the defendant's agreement. To permit a party to avoid his agreement, under such circumstances, and obtain a property worth $10,000, and hold a judgment for $2,000 deficiency, in liquidation of a mortgage debt of some $4,000, "would be allowing the statute of frauds to be used as an instrument of fraud, instead of a shield against it." (*Bennett* v. *Abrams*, 41 *Barb.* 619. *Ryan* v. *Dox*, 34 *N. Y.* 307. *Rathbun* v. *Rathbun*, 6 *Barb.* 106.)

It will not do for the defendant to answer that the plaintiff lost her right to move for a resale by laches; for the evidence indicates that her reliance was upon the agreement of the defendant to waive the sale, and reconvey; and that is a sufficient excuse for not having asked, at an earlier day, the interference of a court of equity. (*Williston* v. *Williston*, 41 *Barb.* 635.)

The learned counsel for the defendants is correct in saying that the possession, which will take a case out of the statute, must be referable to the agreement of which

performance is sought; but when the acquiescence has been for a considerable time in the possession of the premises, that circumstance must be taken into consideration, upon the question as to the right of the vendor to set up the statute. (*Fry on Specific Perf.* 259, § 400, *and cases cited; id.* § 397.) Here the possession of the plaintiff was allowed, voluntarily, for a period of about eleven months, and during a whole season for beneficial enjoyment of an agricultural farm. She had no other title than such as she must be deemed, in equity, to have acquired in virtue of the defendant's agreement to waive the sale and reconvey the premises. Under such circumstances, the acquiescence of the defendant in the possession—especially as the use of the premises was valuable—must have been significantly against the defendant's right to avail of the statute.

The equities of this case, and the foregoing considerations, lead the court to the conclusion that the plaintiff is entitled to the relief demanded, substantially; and judgment must be entered for the plaintiff.

The money was in the hands of the defendant's agent and attorney before the commencement of this action, and he was notified thereof, and urged by a discreet and careful counsellor of this court to perform the agreement to waive the sale, and convey the premises to the plaintiff. And as he refused to do so, and his agent has kept the money during the considerable time that has intervened since the same was placed in his hands; and as the defendant has sought, inequitably, to profit out of the plaintiff, he should be required to pay the costs and disbursements of this action.

Judgment is ordered for the plaintiff, against the defendants.

[HERKIMER SPECIAL TERM, September 2, 1873. *Hardin,* Justice.]