ELIZA HENSLER, APPELLANT, v. PETER SEFRIN, RESPONDENT.

*Contract made by a husband in his own name for the sale of his wife's land — when the latter is bound by, though not named therein — Estoppel — what acts entitle a party to a specific performance of a verbal contract of sale.*

For some time prior to April 20, 1858, the plaintiff's husband had been in possession of a tract of ground in Tonawanda, consisting of ten lots. On that day he contracted, in his own name, to sell the said tract to the defendant for $800, $700 of which was paid in cash, and the remaining $100 in work during the following year. The defendant entered into possession of the ten lots and continued to use and occupy the whole tract from that time down to the commencement of this action, to the knowledge of the plaintiff and her husband. January 4, 1860, the plaintiff and her husband gave to the defendant a warranty deed which he believed conveyed the ten lots, but which in fact conveyed only eight of them. The defendant, on discovering the mistake in 1875, tendered to the plaintiff, her husband being then dead, a deed of the two lots omitted from the former deed, and requested her to execute it, which she declined to do.

At the time of the making of the contract the legal title to the lots was in one Hart, who, in pursuance of negotiations with the husband, conveyed them to the plaintiff by deed dated November 18, 1859, but not acknowledged or delivered until March 20, 1860. All negotiations for the purchase and sale of the land were carried on by the husband. The money paid by the defendant was received by the plaintiff from her husband.

In an action of ejectment by the plaintiff to recover possession of the two lots, *held*, that the court properly adjudged that the plaintiff held the legal title in trust for the defendant and directed her to convey the same to him.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury, adjudging that the plaintiff holds the legal title to lots nine and ten, in the village of Tonawanda, in trust for the defendant and ordering her to convey the same to the defendant.

The action was to recover possession of the two lots, and the defence was of an equitable character.

At the time the land was contracted to be sold to the defendant, the legal title to the lots was held by Elizer Hart, as the receiver of the Bank of Orleans. In pursuance of negotiations conducted by the plaintiff's husband, Hart conveyed the premises to the plaintiff by deed, dated November 18, 1859, but not acknowledged or delivered until March 20, 1860.

The issues were tried before the Erie Circuit, and upon the findings and conclusions of law judgment was entered, from which the plaintiff appeals.

*George Wing*, for the appellant.

*George W. Cothran*, for the respondent.

HARDIN, J. :

The husband of the plaintiff, on the 20th day of April, 1858, sold the premises in question, with eight other lots (three fenced in as one garden lot), to the defendant for the sum of $800, and entered into a written contract under seal for the whole ten lots with the defendant.

The defendant paid down, upon the contract, $700, and the other $100 he paid during the following year in work.

The defendant, immediately after consummating his purchase in April, 1858, entered into possession of the whole ten lots, and continues to occupy them, claiming that he purchased and paid for the whole ten lots. January 4, 1860, he took a warranty deed from the plaintiff and her husband, which he supposed covered the whole ten lots until about 1875, when he discovered that lots nine and ten were not embraced in the deed.

The defendant then applied to the plaintiff to execute a deed of said two lots, and she declined to do so and thereafter brought this action to recover the possession of them from the defendant.

It satisfactorily appeared upon the trial that the defendant negotiated for the purchase of the whole ten lots ; that they were embraced in the contract he received therefor from the plaintiff's husband, and that he understood his purchase covered them, and.

that he paid the $800 in the faith that he was to receive title to the whole ten lots.

It also appeared that the plaintiff's husband caused to be inserted in the contract a description of the whole ten lots, and *contracted to* convey them to the defendant.

The consideration paid by defendant, $800, to the plaintiff's husband, was subsequently paid by the husband to the wife.

It is clearly shown that the plaintiff, as well as her husband, knew of the possession by the defendant in the spring of 1858, *of the whole ten lots, and that he occupied and improved* all of them, down to the day of the trial of this action, with the *knowledge* of the plaintiff.

The plaintiff, therefore, had notice of all the rights and interests of the defendant, legal and equitable, in the whole premises, when she took, in March, 1860, a deed of the whole ten lots from Elizer Hart, as receiver of the Bank of Orleans. (*Williamson* v. *Brown*, 15 N. Y., 354; *Baker* v. *Bliss*, 39 id., 70; *Reed* v. *Gannon*, 50 id., 345; *Livingston* v. *Arnoux*, 56 id., 507; *Cavalli* v *Allen*, 57 id., 508.)

She, therefore, knew that the defendant had purchased the whole ten lots from her husband, and had paid therefor $800, the contract price ; that he had entered into possession under such contract, and that, equitably, he was entitled to a deed of the premises from her husband, who had assumed and exercised the right to sell to the defendant the whole ten lots.

She was not, therefore, by reason of the conveyance of Hart, as receiver, to her in March, 1860, a purchaser in good faith.

It appears by the evidence that the plaintiff's husband "negotiated the purchasing of all the real estate (she) I owned, during his lifetime" and she testified that "my husband negotiated the sales of all the real estate I sold during his lifetime ; he generally transacted what business I had, for me, with my consent." And in her cross-examination she said, "my husband never negotiated any real estate for me without my special direction."

She then states that she did not make the contract for the sale of the ten lots to the defendant.

From this evidence we learn that the husband negotiated for the purchase of the ten lots from Hart, and we are not at liberty

to conjecture the date of that negotiation from any evidence or fact fixed in the case. The deed of Hart to the plaintiff states an order of sale was made June 5, 1858. But the husband of plaintiff contracted to sell and convey the ten lots in April, 1858, to defendant.

However, it is manifest that at the time of the deed to the plaintiff, March, 1860, her husband who had "negotiated the purchase of all the real estate she owned in his lifetime," knew of the sale to the defendant, and that he had paid the $800 for the whole ten lots, and therefore, as the husband was the agent for the purchase for plaintiff, she, through her agent, is chargeable with notice of the equities of the defendant in the whole ten lots. His notice and knowledge must be regarded as notice to and knowledge of the wife, according to the well settled principle that a *principal* is chargeable with all the knowledge the agent possesses in the transaction of the business he has in charge. (*Adams* v. *Mills*, 60 N. Y., 539.)

When, having such notice in addition to the notice which the defendant's possession of the premises gave to her, as we have before seen, she took the $800 from the husband, the consideration actually paid by the defendant for the whole of the lots; she adopted the act of sale made by her husband, and she should not now be allowed to impute a fraud to her husband or to practice a fraud upon the defendant.

She ought to be held estopped from denying the equitable title and interest acquired by the defendant to the ten lots purchased by him of her husband. (*Adams* v. *Mills*, 60 N. Y., 539.)

We are referred to the case of *Squier* v. *Morris* (1 Lans., 282). That case is distinguishable from the one before us. That was an action for specific performance brought against the wife upon a contract of sale made by her husband, and it was held that she was not bound by the contract of sale made by the husband, and that the parol contract made by her was void by the statute of frauds, "because it was an agreement, in substance, to convey lands."

So, too, it was held in *Briggs et al.* v. *Partridge et al.* (64 N. Y., 364), that an action could not be maintained upon an instrument under seal against a party not named in the instrument, in the

absence of some proof or act of ratification on the part of the understood principal.

The opinion in that case states that when the contract has been ratified or confirmed by acts *in pais*, and the contract is one which would be valid, though not under seal, a different rule may obtain. In the case before us the defendant by paying the consideration, and by taking possession of the whole ten lots, as purchaser, and claiming to own and occupy them under the contract, and by making improvements, and betterments upon them with the assent of the husband of the plaintiff, and with the knowledge of the plaintiff, was in a situation to insist that even a parol contract was taken out of the statute of frauds, and could be enforced according to the well settled principles applicable to cases for specific performance. (*Ryan* v. *Dox*, 34 N. Y., 307; *Carpenter* v. *Ottley*. 2 Lans., 458; *Foote* v. *Foote*, 58 Barb., 258; *Cipperly* v. *Cipperly*, 4 N. Y. Sup. C. Rep. [T. & C.], 346; *Morrill* v. *Cooper*, 65 Barb., 519; *Freeman* v. *Freeman*, 43 N. Y., 34; *Redfield* v. *Holland Purchase Ins. Co.*, 56 id., 357.)

If it be assumed that it was error to admit evidence that Hensler, the husband, was in embarrassed circumstances at the time the deed was taken from Hart, receiver, in March, 1860, we do not see that the error prejudiced the plaintiff.

The judgment should not be reversed for an erroneous ruling, if the court can see that no harm was done to the appellant thereby. (*Woodruff, Executor,* v. *McGrath*, 32 N. Y., 235; Code of Civil Procedure, § 1003.) Nor was there any error prejudicial to the plaintiff in allowing the witness Williams to state that he derived instructions from Hensler, the husband, in regard to how the contract should be drawn for the land sold to the defendant ; nor was it error to receive the contract in evidence ; nor did any harm come to the plaintiff by allowing proof of the indorsements of $700 and $100 on the contract, as the fact of such payments was subsequently proven by entirely competent evidence.

We do not find any error in the findings of the trial judge, or in his refusals to find, calling for a reversal of the judgment. The relief granted requiring the plaintiff to convey the legal title to lots Nos. 9 and 10 was within the issues made by the pleadings, and therefore proper. (Code of Civil Procedure, § 1207.)

The judgment should be affirmed, with costs to the respondent.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.