CATHARINE E. PAWLING, as Administratrix, etc., of HENRY HASKELL PAWLING, Deceased, and Others, Respondents, *v.* WILLIAM M. PAWLING and Another, Appellants, Impleaded with Another.

*Vendor and purchaser — oral agreement to convey land — effect of payment and possession — specific performance.*

It is a general rule that mere payment of the purchase money is not sufficient to authorize a judgment requiring the specific performance of a verbal agreement for the sale of lands. except in a case where an action at law to recover the amount paid would not, under the circumstances, give the purchaser an adequate remedy. But where the purchase money has been paid and possession under the contract has also been taken the contract will be specifically enforced, and to take a case out of this rule the circumstances must be exceptional.

A son was in possession of certain premises before and at the time he made a verbal contract with his father for their sale, but it did not appear in what manner he came into possession. Subsequently he paid the purchase price and remained in possession for three years before his father's death, after which the son brought an action for the specific performance of the contract.

*Held,* that the possession of the son would be deemed to have been under the verbal contract, and that the court should enforce the specific performance of it.

APPEAL by the defendants, William M. Pawling and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Montgomery on the 12th day of November, 1894, upon the decision of the court rendered after a trial at the Montgomery Circuit before the court without a jury.

The action was originally brought by Henry Haskell Pawling, and he having died, it was continued by his administratrix and his heirs.

*Edward P. White,* for appellant Mary Jane Herrick.

*W. Davidson Jones,* for appellant William M. Pawling.

*Z. S. Westbrook,* for the respondents.

PUTNAM, P. J.:

Henry Pawling, father of the original plaintiff, Henry Haskell Pawling, and the defendants, William M. Pawling and Mary Jane Herrick, died in 1892, leaving said parties his only heirs and the defendant Margaret Pawling, his widow, and owning the lot of land described in the complaint. In 1874 Henry Pawling and Henry Haskell Pawling entered into a partnership, and the former conveyed to the latter an undivided half of the premises in question. In 1877 the firm borrowed from one Stairs $2,600, which it used in its business. For this loan Henry Pawling and Henry Haskell Pawling executed their joint and several bond secured by a mortgage on the property. In 1882 the partnership was dissolved and Henry Haskell Pawling reconveyed to his father the undivided one-half of said premises. In December, 1889, Stairs demanded payment of said bond and mortgage of Henry Pawling, who said he would furnish the money, and then made the proposition to Henry Haskell that if the latter would pay off said bond and mortgage to Stairs, the said Henry Pawling would give him a deed of the property in question. Henry Haskell at first objected, but afterwards accepted said proposition, and in pursuance of the verbal contract paid said bond and mortgage and obtained a satisfaction thereof. The amount paid was $2,865.63. Afterwards, and about June 1, 1892, Henry Pawling, being in poor health and intending to carry out said agreement, requested Henry Haskell to have a proper deed

drawn to convey said premises in pursuance of said verbal contract and promised to execute the same. Said Henry Haskell thereupon procured a deed to be drawn and presented the same to Henry Pawling for execution. Said deed was read to and approved by Henry Pawling and he promised to execute the same, but soon afterwards, and before he had performed his promise, died. The learned trial court, on sufficient evidence, found the facts substantially as above stated and also found as follows: "And the plaintiff has, for the use and purposes of his said mill and business, ever since his said agreement with said decedent in December, 1889, and for some time prior thereto, taken and used the water from said· dam and maintained a pipe for his said purposes extending from his said mill and premises into said dam above, and drawing and conducting the water therefrom and supplying his said mill therewith, with the knowledge and assent of said decedent until the time of his said death, and still uses the same for such purposes, and ever since said agreement was made in December, 1889, the plaintiff has also used and occupied a portion of the said old mill building as a carpenter shop and a portion thereof for storage purposes in connection with his said mill and manufacturing business adjoining on the west thereof, and with the knowledge and assent of said decedent to the time of his said death, and still uses and occupies the same for such purposes."

The subject of the specific performance of oral contracts for the conveyance of land, void by the Statute of Frauds, has been extensively discussed by elementary writers and by courts in many cases. It is well settled that equity will, to prevent injustice, enforce the performance of a parol contract partly carried into execution, on the ground that, otherwise, one party would be enabled to practice a fraud on another, and that it could not be the intent of the statute to enable one party to commit such a fraud with impunity. (Story's Eq. Juris. § 759; *Dygert* v. *Remerschnider*, 32 N. Y. 629–642.)

A parol contract for the sale of land where the vendee has paid the whole purchase price and entered into possession under the contract may be specifically enforced. (Pom. Spec. Perf. § 115.)

In *Dunckel* v. *Dunckel* (141 N. Y. 427, 435) EARL, J., remarks: "We think it is a general rule to be gathered from the authorities that mere payment of the purchase price of land is not sufficient to

authorize the specific performance of the contract of sale unless the peculiar circumstances of the case be such that an action at law to recover back the money paid would not give the purchaser an adequate remedy. But it is also a general rule that when the consideration has been paid and possession under the contract of sale has been taken, *the contract will be specifically enforced, and to take the case out of this rule the circumstances must be peculiar and exceptional.*" A multitude of cases might be cited holding the same doctrine. (*Malins* v. *Brown*, 4 N. Y. 403, 410; *Dugan* v. *Gittings*, 3 Gill, 138, 139; *Gregory* v. *Mighell*, 18 Vesey's Ch. 328; *Fitzsimmons* v. *Allen's Adm.*, 39 Ill. 440; *Shirley* v. *Spencer*, 9 id. 583; *Bigelow* v. *Armes*, 108 U. S. 10; *Fannin* v. *McMullen*, 2 Abb. Pr. [N. S.] 224.)

There are some authorities holding that the mere payment of the whole purchase price by the vendee and full performance by him of the verbal contract will entitle him to a specific performance. (Willard's Eq. Juris. 284; *Morrill* v. *Cooper*, 65 Barb. 512, 517.)

In this case there is no serious dispute as to the facts. The deceased, Henry Pawling, in December, 1889, was the owner of the premises described in the complaint, which were subject to the mortgage held by Stairs, on which was due $2,865.63. Stairs demanded the money on the mortgage. Deceased, being unable to pay him, then made a verbal contract with his son, the original plaintiff, Henry Haskell Pawling, by which, if the latter would pay up the mortgage, he would convey the premises in question to him. Henry Haskell accepted the proposition, paid up the mortgage and procured a satisfaction thereof, and remained in occupation of the premises from that time until the death of Henry, in 1892. Shortly prior to this event Henry Haskell, at the request of Henry, prepared a deed for the latter to execute, which he was prevented from doing by his death. I do not regard it as of much consequence whether Henry was legally bound to pay the whole mortgage or only one-half of it. The evidence indicates an understanding between the parties that it was for Henry to pay off the whole mortgage. But whether so or not, he was liable for his proportion of the mortgage debt, and it was clearly shown that he agreed with Henry Haskell that if the latter would satisfy the mortgage he, Henry, would convey the premises in question to him. Henry

Haskell did pay up the mortgage and remained in possession of the premises, and according to the terms of the verbal contract was entitled to a conveyance thereof.

I think that the parol contract entered into between the father and son in 1889, and which the former was about to carry out at the time of his death, should be enforced by this court. It would be most unjust, and a virtual fraud, if the defendants, the heirs of Henry Pawling, after the acts of part performance done by the plaintiff's intestate, could be allowed to interpose successfully the Statute of Frauds as a bar to plaintiff's rights. There has been such a part performance of the original oral contract by Henry Haskell as enables this court to decree a specific performance. There has been a payment of the full purchase price and possession of the premises under the oral contract for a period of three years. (See Pom. Eq. Juris. § 409, and note, and cases above cited.)

It is suggested by the learned counsel for the appellants that although Henry Haskell remained in possession of the premises in question from the time of the making of the oral contract to the time of the death of Henry Pawling, such possession was not under or referable to the oral contract, as he was also in occupancy of the premises at the time and prior to the making thereof.

It is true that Henry Haskell was in possession of the premises in question before and at the time of the making of the oral contract. It is not shown how, whether by license from deceased or as a tenant. I think, however, that on the making of the oral contract and the payment of the purchase price according to its terms, and when Henry Haskell was entitled to a deed of the premises by the terms of said contract and to the possession thereof thereunder (*Miller* v. *Ball*, 64 N. Y. 286), that his possession should be deemed as *under the contract.*

It is held in reference to a tenant, that his possession after the expiration of his term, and a payment of an increased rent, are together a part performance of a verbal contract for a renewal of the lease. So possession after the term and a payment shown which could not be referred to the old rent, but could only be explained on the supposition of a contract, should be part performance of a verbal contract for the lessor to sell and convey the land. (Pomeroy on Specif. Perf. § 124.)

Henry Haskell was in possession before he made a verbal contract to buy the land. In pursuance of the verbal contract he afterwards paid the purchase price and remained in possession, to which he was legally entitled under the contract. His possession thereafter should be deemed thereunder. In *Dunckel* v. *Dunckel* (56 Hun, 28; 141 N. Y. 430) the plaintiff at the time of making the contract for a life lease sought to be enforced in that action was in possession of the premises, and the General Term in reversing the judgment first rendered in the action adverted to the fact as follows: "The plaintiff was at the time in possession and actual occupancy of the premises in question; had no occasion to move or make any change in her business or condition in consequence of the agreement. She simply continued to occupy the same as she had done while her husband was living." But the Court of Appeals in effect held (141 N. Y. 430) that although the plaintiff was in possession of the house and lot affected by the action when the verbal contract was entered into — after the making thereof her possession was referable to and under such contract.

In this case, as in the one cited, there was a possession of three years by Henry Haskell prior to the death of his father, and after full performance by him of the contract. As we have seen, on the full performance by Henry Haskell, he was entitled to the possession of the premises thereunder, and it seems proper that his actual possession should be deemed taken, rather under the contract, as he lawfully could, than in any other way. (See *Spear* v. *Orendorf*, 26 Md. 37, 44; *Wills* v. *Stradling*, 3 Vesey's Ch. 377.)

We conclude, therefore, that the learned trial justice properly disposed of this case, and that the judgment should be affirmed, with costs.

HERRICK, J., concurred; STOVER, J., not acting.

Judgment affirmed, with costs.